1   **MCFARLIN LLP**
    Timothy G. McFarlin (State Bar No. 223378)
2   Email: tim@mcfarlinlaw.com
    Jarrod Y. Nakano (State Bar No. 235548)
3   Email: jarrod@mcfarlinlaw.com
    Mario M. Oropeza (State Bar No. 322468)
4   Email: mario@mcfarlinlaw.com
    4 Park Plaza, Suite 1025
5   Irvine, California 92614
    Telephone: (949) 544-2640
6   Fax: (949) 336-7612

7   Attorneys for Plaintiff
    HO JUNG KIM DDS, INC., doing business as M DENTAL GROUP
8

9                   **UNITED STATES BANKRUPTCY COURT**

10          **CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

11  | In re: | Case No.: 8:19-bk-10661-SC |
    |---|---|

12  HUY QUANG DAO aka CALVIN HO;
    and KELLIE HO TA aka MY-DUNG HO
13  TA,

14          Debtors.

15                                          **In Chapter 7**

16  HO JUNG KIM DDS, INC., a California
    corporation, doing business as M
17  DENTAL GROUP,

18          Plaintiff,                      Adversary Case No.:

19  vs.

20  HUY QUANG DAO aka CALVIN HO;            COMPLAINT SEEKING DAMAGES IN CORE
    KELLIE HO TA aka MY-DUNG HO TA;         ADVERSARY PROCEEDINGS
21  and DOES 1 through 100; Inclusive,

22          Defendants.

23

24                                          Date Action Filed: April 22, 2019
                                            Trial Date: Not Yet Set
25

26

27

28

                                    -1-

1    Plaintiff HO JUNG KIM DDS, INC., a California corporation, doing business as M

2    DENTAL GROUP ("Plaintiff") herein alleges as follows:

3    **INTRODUCTION**

4    1.    This is an action for actual and punitive damages filed by Plaintiff to Determine

5    the Non-Dischargeability of Debt pursuant to 11 U.S.C. §§ 523(a)(2)(A), and (a)(6) against

6    Defendants HUY QUANG DAO aka CALVIN HO, and KELLIE HO TA aka MY-DUNG HO

7    TA (collectively "Defendants").

8    **JURISDICTION AND VENUE**

9    2.    This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C.

10    §§ 157 and 1334.

11    3.    This action is an adversary proceeding pursuant to Federal Rules of Bankruptcy

12    Procedure Rule 7001(6).

13    4.    This court has supplemental jurisdiction to hear all state law claims pursuant to

14    Section 1367 of Title 28 of the United States Code.

15    5.    This matter is primarily a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A),

16    (I) and (O) and therefore the Bankruptcy Court has jurisdiction to enter a final order. However, in

17    the event this case is determined to be a non-core proceeding then and in that event the Plaintiff

18    consents to the entry of a final order by the Bankruptcy Judge.

19    6.    Venue is proper pursuant to 28 U.S.C. § 1409 because this adversary proceeding

20    arises in and/or under and/or relates to the bankruptcy case under Chapter 7 of the Bankruptcy

21    Code (the "Code") entitled HUY QUANG DAO aka CALVIN HO; and KELLIE HO TA aka

22    MY-DUNG HO TA, Case No. 8:19-bk-10661-SC (the "Bankruptcy Case"), which is presently

23    pending before the United States Bankruptcy Court for the Central District of California, Santa

24    Ana Division. Defendants file their Bankruptcy Case on February 25, 2019.

25    **PARTIES**

26    7.    Plaintiff in this case is a Creditor of Defendant under Chapter 7 of Title 11 of the

27    United States Code in case number 8:19-bk-10661-SC. Plaintiff has standing to bring this action

28    pursuant to 11 U.S.C. §523 and Federal Rule of Bankruptcy Procedure 4007. Plaintiff is a

- 2 -

1    California corporation with its principal place of business in Orange County, California.

2        8.      Plaintiff is informed and believes, and based thereon alleges, that Defendant Huy

3    Quang Dao aka Calvin Ho ("Defendant Dao") is an individual residing in the city of Stanton,

4    County of Orange, California.

5        9.      Plaintiff is informed and believes, and based thereon alleges, that Defendant Kellie

6    Ho Ta aka My-Dung Ho Ta ("Defendant Ta") is an individual residing in the city of Stanton,

7    County of Orange, California.

8        10.     Defendant Does 1-100 are involved in the instant case and transaction and are

9    currently unknown to Plaintiff. Said entities will be enjoined upon further discovery of their true

10   nature and liability once these facts are known and supported by competent evidence.

11       11.     At all relevant times mentioned in this Complaint, each of the defendants was and

12   is the agent, servant, and/or employee of ach of the other defendants each acting in a coordinated

13   and deliberate manner, and all of the things alleged to have been done by the Defendants were

14   done in their capacity of and as an agent of the other Defendants.

15                              **GENERAL ALLEGATIONS**

16       12.     Defendants filed for a voluntary petition for Chapter 7 bankruptcy on February 25,

17   2019. Plaintiff is listed as a creditor or claimant on Defendants' bankruptcy schedules.

18       13.     At all relevant times herein, Plaintiff owns and operates a dental practice group

19   providing dental care and services to patients in Fullerton, California.

20       14.     Defendant Dao was a former employee of Plaintiff, whose responsibilities focused

21   on insurance billing.

22       15.     In or around December 2015, Plaintiff is informed and believes that Defendant

23   Dao began to formulate and enact a scheme aimed at extorting a substantial pay increase from

24   Plaintiff. Plaintiff is informed and believes that this act was done through Defendant gaining

25   unauthorized access to Plaintiff's computers and stealing Plaintiff's confidential information.

26       16.     On or around December 31, 2015, Defendant Dao stayed at work several hours

27   later than normal. Plaintiff is informed and believed that Defendant stayed after-hours with the

28   sole purpose of implementing the above-mentioned and later described scheme.

ADVERSARY PROCEEDING

17.    In or around January 2016, unbeknownst to Plaintiff, Defendant installed a remote access software program called LogMeIn ("LogMeIn program"). Using the LogMeIn program, Defendant Dao was able to obtain remote access from his home computer to Plaintiff's business computer without Plaintiff's knowledge or authorization. Defendant Dao used this access to view, edit and transfer Plaintiff's personal and business records.

18.    On or around January 4, 2016, Defendant Dao remotely accessed Plaintiff's computer from his home.

19.    Defendant Dao emailed Plaintiff's confidential computer files, including but not limited to confidential patient information and Plaintiff's financial information to Defendant Dao's work email address. Defendant Dao then emailed the files to his personal email account. Defendant Dao had no authorization to do this.

20.    Plaintiff discovered that Defendant Dao also obtained Plaintiff's confidential employee payroll records, intentionally storing this information in an electronic folder labeled "Music."

21.    On or around January 7, 2016, Defendant Dao deleted hundreds of computer files from Plaintiff's computer in an attempt to conceal his actions. Defendant Dao then left work that morning at 11:00 a.m. without notice.

22.    On or around January 8, 2016, Defendant Dao did not show up for work when Defendant Dao was scheduled.

23.    Shortly thereafter, on or around January 11, 2016, Defendant Dao demanded to be paid for federal holidays as well as a substantial pay raise of more than thirty percent (30%).

24.    On or around January 14, 2016, Plaintiff discovered Defendant Dao's unauthorized access of his computers and theft of confidential information. Plaintiff also discovered that Defendant had transferred confidential patient information to his private email account.

25.    On or around January 22, 2016, Plaintiff discovered Defendant Dao had installed the LogMeIn program to allow Defendant Dao unauthorized access to its files.

26.    On or around January 22, 2016, Defendant Dao informed Plaintiff's principal, Dr.

- 4 -

Ho Jung Kim ("Dr. Kim"), that Defendant Dao was privileged to information about Dr. Kim's private life and Plaintiff's business that he would not have reasonably known without engaging in the unlawful conduct described above. Defendant Dao further implied that he could cause trouble for Plaintiff based on this knowledge.

27.    Upon discovery of Defendant Dao's actions, on or around February 16, 2016, Plaintiff filed suit against Defendant Dao ("State Case"). Plaintiff filed his State Case in the Superior Court of the State of California for the County of Orange, which is recognized as Case No. 30-2016-00835391-CU-NP-CJC and titled as *HO JUNG KIM DDS, INC. VS. CALVIN DAO.*

28.    In or around April 2016, Plaintiff served discovery requests on Defendant Dao. To date, Defendant Dao has failed to produce any responsive documents.

29.    On or around August 15, 2016 and August 22, 2016, respectively, the Court sanctioned Defendant Dao and ordered him to provide responses and produce documents to Plaintiff's discovery requests. To date, Defendant Dao has not provided any additional documents or responses nor paid sanctions despite being ordered to provide discovery responses and produce documents directly relevant to Defendant Dao's unlawful computer hacking.

30.    Based on information and belief, Plaintiff is informed that Defendant Dao has refused to meaningfully participate in the State Case and has ignored the Court's Orders. In lieu of meaningful participation, Defendant Dao has willfully and maliciously engaged in slanderous rhetoric aimed at negatively impacting Plaintiff's business.

31.    Defendant Dao, having knowledge of Plaintiff's financial and business records through his unlawful acts, was aware that Plaintiff relied heavily on positive customer reviews on the website www.yelp.com ("Yelp") to advertise to, and subsequently procure, potential clients.

32.    Defendants, using the pseudonyms Cathy L., Nick D., and Alexander D., knowingly and maliciously engaged in false and slanderous reviews of Plaintiff's business to be posted on Yelp. These reviews included a fictitious story in which Plaintiff overcharged and double billed its clients. In specific, one review stated "Worst Dental office EVER!...this is to let people know that this office is very shady and unprofessional...They say to get botox or add additional services to charge your insurance more...The worst part is that the doctor messes up a

- 5 -

1    lot and doesn't take responsibility unless you take it seriously into court...the business is shady

2    and his skills do not deserve the ratings he has on Yelp."

3        33.    Despite Plaintiff's and Defendants' knowledge of the falsity of these allegations,

4    Defendants chose to post these reviews with the sole intention of tarnishing Plaintiff's reputation

5    and damaging its ability to solicit new clients.

6        34.    On information and belief, Plaintiff alleges that Defendants committed these

7    actions with the intention to interfere with Plaintiff's existing client contracts and to dissuade

8    future clients from positively reviewing Plaintiff's business.

9        35.    Plaintiff is informed and believes that the full scope of Defendants' unlawful

10    conduct, including the full extent of confidential information that Defendant Dao stole, is

11    currently unknown to Plaintiff as Defendant Dao deleted hundreds of files in an effort to cover his

12    actions.

13        36.    On or around January 26, 2017, Plaintiff filed his first amended complaint with the

14    following causes of actions: (1) Violation of California Penal Code Section 502; (2) Violation of

15    Computer Fraud and Abuse Act; (3) Conversion; (4) Attempted Extortion; (5) Trade Libel; (6)

16    Interference with Prospective Economic Advantage; and (7) Interference with Contract ("First

17    Amended Complaint"). A true and correct copy of the First Amended Complaint is attached as

18    Exhibit A and incorporated hereto by reference.

19        37.    On or around November 21, 2017, the Court entered default for Plaintiff and

20    against Defendant Dao ("November Judgment"). Defendant Dao was ordered to pay Plaintiff in

21    the total amount of $74,749.62. This includes $30,494.00 for damages, $42,513.82 for attorney

22    fees, and $1,741.80 for costs. In addition, the court ordered a permanent injunction against

23    Defendant Dao. Defendant Dao is restrained and enjoined in addition to his agents, employees,

24    attorneys and representatives, and anyone acting at their direction or on his behalf, from using or

25    disclosing any of the computer files that Defendant Dao obtained or copied from Plaintiff's

26    computer system. The court also ordered Defendant Dao to return and/or permanently delete all

27    computer files that were wrongfully obtained or copied from Plaintiff. Lastly, the court prohibited

28    Defendant Dao from making or causing to be made false statements regarding Plaintiff or its

- 6 -

1 | principals. A true and correct copy of the November Judgment is attached as Exhibit B and
2 | incorporated hereto by reference.

3 | 38. On or around December 15, 2017 ("December Judgment)", the court stated that no
4 | stay of enforcement had been ordered, and the confirmed total amount of judgment as entered
5 | was $74,749.62. A true and correct copy of the December Judgment is attached as Exhibit C and
6 | incorporated hereto by reference.

7 | 39. Sometime in 2018, Defendant Ta filed a claim of exemption. Defendant Ta
8 | claimed she was not the judgment debtor named in the notice of levy and attempted to exempt her
9 | and Defendant Dao's personal property. A true and correct copy of the Claim of Exemption is
10 | attached as Exhibit D and incorporated hereto by reference.

11 | 40. On or around March 2018, an investigator visited Plaintiff's office to conduct an
12 | investigation based on the frivolous report by Defendants against Plaintiff. Defendants frivolous
13 | report was made sometime in February 2016. Defendants made these reports to the California
14 | Dental Board for insurance fraud. Defendants also contacted Delta Dental insurance company and
15 | a similar inspection was conducted on site.

16 | 41. Thereafter, both the California Dental Board and Delta Dental insurance
17 | investigated numerous patient charts and reported that there was no evidence of insurance fraud.

18 | 42. Additionally, on or around May 2018, a similar investigation was conducted
19 | because Defendants encouraged a patient to contact the California Dental Board. The California
20 | Dental Board requested all documents relating to Plaintiff's patient. On or around September
21 | 2018, the California Dental Board provided Plaintiff with a letter of clearance. Defendants had
22 | then committed a third frivolous report.

23 | 43. On or around October, 18, 2018, an order was entered determining claim of
24 | exemption ("Exemption Order"). Defendant Dao's claim of exemption was denied. The
25 | attachment stated that the levying officer may levy up to $2,505.41 from Defendant Dao's
26 | checking account. The levying officer may also levy up to $74,749, less any amounts obtained
27 | from the levy on the Defendant Dao's saving account. A true and correct copy of the Exemption
28 | Order is attached as Exhibit E and incorporated hereto by reference.

1      44.    On or around February 25, 2019, the court ordered Defendants to turn over a 2015

2    Toyota Highlander ("February Court Order"). A true and correct copy of the February Court

3    Order is attached as Exhibit F and incorporated hereto by reference.

4      45.    Sometime in February or March 2019, Plaintiff received a notice of bankruptcy

5    case filing. Defendants filed under Chapter 7 of the United States Bankruptcy Code, entered on

6    February 25, 2019 at 9:01 a.m.

7      46.    Plaintiff has suffered and continues to suffer damage and irreparable harm to its

8    reputation from Defendants' false and disparaging statements about Plaintiff's business, and

9    Defendants' interference with Plaintiff's customers.

10      47.    Plaintiff is informed and believes and therefore alleges that the debt owed by

11    Defendants is non-dischargeable.

12      48.    11 U.S. Code §523(a)(2)(A) states that a debtor is not discharged from any debt

13    for money to the extent obtained by false pretenses, a false representation, or actual fraud. As

14    discussed above, Defendants formulated and enacted a scheme to extort substantial money from

15    Plaintiff by Defendants gaining unauthorized access to Plaintiff's computers and stealing

16    Plaintiff's confidential information.

17      49.    11 U.S. Code §523(a)(6) states that a debtor is not discharged from any debt for

18    willful and malicious injury by the debtor to another entity or to the property of another entity. As

19    discussed above in detail, Defendants actions are willful and malicious as they have committed

20    various acts to hinder and destroy Plaintiff's business, which in fact injured Plaintiff.

21      50.    To date, Plaintiff continues to be injured. Plaintiff estimates incurring additional

22    costs to have counsel prepare cease and desist letters to Defendants for their Yelp reviews and

23    false reports to California Dental Board and Delta Dental Insurance Company.

24    **FIRST CLAIM FOR RELIEF**

25    **(Non-Dischargeability of Debt Pursuant to 11 U.S.C. § 523(a)(2)(A))**

26      51.    Plaintiff incorporates by reference as though fully set forth herein all previous

27    allegations contained in paragraph 1 through 45, inclusive, of this Complaint as though fully set

28    forth herein.

52.    11 U.S. Code §523(a)(2)(A) states that a debtor is not discharged from any debt for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by false pretenses, a false representation, or actual fraud.

53.    Defendants knowingly and willfully made false representations to Plaintiff as described above. Defendants actions are willful and malicious as they have committed various acts to hinder and destroy Plaintiff's business, which in fact injured Plaintiff. For example, Defendant Dao knowingly and wrongfully accessed Plaintiff's computer-related property, threaten to and did cause great irreparable injury to Plaintiff in that Defendant Dao unlawfully misappropriated Plaintiff's confidential information, including without limitation, patient information, Plaintiff's financial information and employee information. Another example is Defendant Dao wrongfully controlling the data from the computers to extort a substantial pay increase from Plaintiff.

54.    The representations set forth above were false, and at the time the above representations were made, Plaintiff is informed and believes, and on that basis alleges, that Defendants knew they were false. At the time of the representations, Plaintiff was ignorant of the falsity of such representations, and believed them to be true. If Plaintiff had known of the falsity of the representations, Plaintiff would have never entered into privity of contract with Defendants.

55.    Plaintiff actually and reasonably relied on the representations made by Defendant.

56.    In bad faith, Defendant have refused to provide Plaintiff with payment on the Judgement. Plaintiff instead continues to suffer damages and incur costs.

57.    As a direct result of the above-mentioned misrepresentations, Plaintiff has been and continues to be damages in an amount to be proven at trial, but in no event less than the jurisdictional amount. Plaintiff will seek leave of this Court to amend this Adversary Proceeding once the full amount of Plaintiff's damages has been ascertained. Additionally, Plaintiff suffered and continues to suffer from the obligations of attorneys' fees and costs in an amount to be determined at trial.

58.    Based on the above, Defendant engaged in conduct with malice, oppression or fraud, and thus, the debt is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).

- 9 -

## SECOND CLAIM FOR RELIEF

### (Non-Dischargeability of Debt Pursuant to 11 U.S.C. § 523(a)(6))

59.    Plaintiff incorporates by reference as though fully set forth herein all previous allegations contained in paragraph 1 through 53, inclusive, of this Complaint as though fully set forth herein.

60.    11 U.S. Code §523(a)(6) states that a debtor is not discharged from any debt for willful and malicious injury by the debtor to another entity or to the property of another entity. As discussed above in detail, Defendants actions are willful and malicious as they have committed various acts to hinder and destroy Plaintiff's business, which in fact injured Plaintiff.

61.    Defendants maliciously and willfully injured Plaintiff and Plaintiff's property as described above. Plaintiff is the owner of the electronic documents identified herein and is entitled to exclusive possession of its property. Plaintiff is entitled to the immediate return of its property or Defendants must follow as ordered by the Judgement.

62.    Further, Defendants had a specific intent to commit extortion, to wit, obtaining a substantial pay raise of more than 30% and other benefits from Plaintiff, which was induced by a wrongful use of fear in threatening to expose Plaintiff's confidential information as discussed above. Defendants took direct acts in furtherance of their attempt to extort as discussed above.

63.    Additionally, Defendants made or caused to be made statements that were published to the general public across the Internet via Yelp, which statements were false and intended to disparage Plaintiff and cause the loss of current and potential patients as discussed above. Defendants then maliciously and willfully intended to disrupt these relationships, which caused injury to Plaintiff. The injury in fact was current and potential patients avoiding doing business with Plaintiff.

64.    The debt owed by Defendants to Plaintiff was incurred as a result of Defendants' willful and malicious injury to Plaintiff. Defendant's wrongful acts were done intentionally, causing injury to Plaintiff without just cause or excuse. In addition, Defendants acted in a willful manner in that Defendants desired to cause the consequences of his acts and intended harm or knew that harm was a substantially certain consequence of his behavior.

- 10 -

65.     As a direct result of the above-mentioned misrepresentations, Plaintiff has been and continues to be damaged in an amount to be proven at trial, but in no event less than the jurisdictional amount. Plaintiff will seek leave of the Court to amend this Adversary Proceeding once the full amount of Plaintiff's damages has been ascertained. In addition, Plaintiff suffered and continues to suffer from the obligations of attorneys' fees and costs in a mount to be determined at trial.

66.     As a result of both the willful and malicious injury to Plaintiff, the Court should find that these debts, including any award of punitive damages, are non-dischargeable under 11 U.S.C. § 523(a)(6).

///

///

///

- 11 -

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff having set forth his claims for relief against the Defendants respectfully prays of the Court as follows:

1. Declaring that Defendants' indebtedness to Plaintiff in amount to be determined, is a non-dischargeable debt pursuant to (Non-Dischargeability of Debt Pursuant to 11 U.S.C. § 523(a)(2)(A) and/or (a)(6));

2. Granting a non-dischargeable judgment in favor of Plaintiff against Defendants in amount to be determined, including without limitation an award for punitive damages, pre-judgment and post-judgment interest as provided by law, reasonable attorneys' fees, costs and expenses; and

3. Any further relief as the Court may deem proper and just.

DATED: June 7, 2019

MCFARLIN LLP

By: _____
    Timothy McFarlin
    Attorneys for Plaintiff
    HO JUNG KIM DDS, INC., doing business
    as M DENTAL GROUP

- 12 -

# Exhibit A

1    RUTAN & TUCKER, LLP
     Michael Adams (State Bar No. 185835)
2    madams@rutan.com
     Damon Mircheff (State Bar No. 216257)
3    dmircheff@rutan.com
     Proud Usahacharoenporn (State Bar No. 278204)
4    pusaha@rutan.com
     611 Anton Boulevard, Fourteenth Floor
5    Costa Mesa, California 92626-1931
     Telephone:  714-641-5100
6    Facsimile:  714-546-9035

7    Attorneys for Plaintiff

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**01/26/2017** at 03:00:00 PM
Clerk of the Superior Court
By James M Haines,Deputy Clerk

8         SUPERIOR COURT OF THE STATE OF CALIFORNIA

9            FOR THE COUNTY OF ORANGE

10

11    HO JUNG KIM DDS, INC., a
     California corporation, doing business as M
12    DENTAL GROUP,

13          Plaintiff,

14      vs.

15    CALVIN DAO, aka HUY DAO, an individual;

16          Defenant.

Case No. 30-2016-00835391-CU-NP-CJC
Assigned to Hon. Craig Griffin
Dept. C17

**FIRST AMENDED COMPLAINT FOR:**

(1)   **VIOLATION OF CALIFORNIA PENAL CODE SECTION 502**

(2)   **VIOLATION OF COMPUTER FRAUD AND ABUSE ACT**

(3)   **CONVERSION**

(4)   **ATTEMPTED EXTORTION**

(5)   **TRADE LIBEL**

(6)   **INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**

(7)   **INTERFERENCE WITH CONTRACT**

24        Plaintiff Ho Jung Kim, DDS, Inc., dba M Dental Group ("Plaintiff") alleges for its First

25    Amended Complaint as follows:

26                 <u>**THE PARTIES**</u>

27        1.     Plaintiff is a California corporation with its principal place of business in Orange

28    County, California.

1  Stanton, County of Orange, California.

2  ## JURISDICTION AND VENUE

3      3.    This Court has jurisdiction over all causes of action asserted in this Complaint

4  pursuant to the California Constitution, Article VI, Section 10 and California Code of Civil

5  Procedure § 410.10 by virtue of the fact that this is a civil action wherein the matter in controversy,

6  exclusive of interest, exceeds $25,000, and because this case is a cause not given by statute to other

7  trial courts.

8      4.    Venue is proper in Orange County under California Code of Civil Procedure Section

9  395 because (i) Defendant resides in Orange County; and (ii) one or more of the acts and other

10  wrongful conduct giving rise to the causes of action asserted herein occurred in Orange County.

11  ## GENERAL ALLEGATIONS

12      5.    Plaintiff is a dental practice group providing dental care to patients in Fullerton,

13  California.

14      6.    Defendant is a former employee of Plaintiff who worked as an insurance biller.

15      7.    Plaintiff is informed and believes that in or about December 2015, Defendant began

16  implementing a scheme to extort a substantial pay increase from Plaintiff by gaining unauthorized

17  access to Plaintiff's computers and stealing Plaintiff's confidential information.

18      8.    On or about December 31, 2015, Defendant stayed several hours late at work, which

19  was highly unusual for Defendant.  Plaintiff is informed and believes based on the events alleged

20  below that Defendant's purpose in staying late was for the purpose of implementing his scheme

21  alleged herein.

22      9.    Unbeknownst to Plaintiff, on or about January 4, 2016, Defendant installed onto

23  Plaintiff's computer a software program called LogMeIn.  LogMeIn is a remote access software that

24  enabled Defendant to obtain remote access from his home to Plaintiff's computer and also transfer

25  files from Plaintiff's computers to himself.  Defendant did not have authority to install this software

26  on Plaintiff's computer; remotely access Plaintiff's computer from his home; or transfer Plaintiff's

27  electronic files from Plaintiff's computer to himself.

28      10.    On or about January 4, 2016, around midnight, Defendant remotely accessed

1   Plaintiff's computer from his home.

2       11.    Some of the timing and details of Defendant's unlawful conduct, and the full range

3   of confidential information that Defendant stole, is currently unknown to Plaintiff due to

4   Defendant's covert activity and his refusal to respond to discovery in this action, despite being

5   Ordered by the Court to do so. However, Plaintiff has discovered that Defendant emailed Plaintiff's

6   confidential computer files, including without limitation confidential patient information and

7   Plaintiff's financial information, to Defendant's work email account. Defendant then emailed those

8   confidential electronic files from his work email account to his personal email account. Defendant

9   was not authorized to email Plaintiff's confidential files to his personal email account, and there was

10  no legitimate business reason for doing so.

11      12.    Plaintiff has also discovered that Defendant obtained Plaintiff's confidential

12  employee payroll records. Plaintiff is informed and believes that the only way Defendant could

13  have obtained these confidential employee payroll records was through unauthorized access to

14  Plaintiff's computer system. With full knowledge that his possession of these confidential employee

15  payroll records was unauthorized, Defendant hid these files in an electronic folder labeled "Music".

16      13.    On or before January 7, 2016, in an effort to cover his tracks, Defendant deleted

17  hundreds of computer files from Plaintiff's computers. That morning, he left work around 11 a.m.

18  without notice.

19      14.    On or about January 8, 2016, Defendant unexpectedly did not show up to work.

20      15.    On or about January 11, 2016, Defendant demanded a pay raise of more than 30%.

21  Defendant also demanded to receive paid federal holidays.

22      16.    Plaintiff did not learn of Defendant's unauthorized access of Plaintiff's computers

23  and theft of Plaintiff's confidential information until January 14, 2016, when Plaintiff discovered

24  that Defendant had transferred confidential patient information to his private email account. Then,

25  on January 22, 2016, Plaintiff discovered that Defendant had set up unauthorized remote access to

26  Plaintiff's computers through LogMeIn.

27      17.    On or about January 22, 2016, Defendant informed Plaintiff's principal, Dr. Ho Jung

28  Kim, that he knew many things about her private life and Plaintiff's business. Defendant further

1    implied that he could make trouble for Plaintiff based on this knowledge.

2         18.    Plaintiff filed the instant action in February 2016 and served discovery requests on

3    Defendant in April 2016.  Defendant failed to respond to several of the discovery requests and

4    failed to produce all responsive documents.  On August 15, 2016 and August 22, 2015, Plaintiff

5    the Court Ordered Defendant to provide discovery responses and produce documents, and pay

6    sanctions to Plaintiff.

7         19.    Despite being Ordered by the Court to provide discovery responses and produce

8    documents directly relevant to Defendant's unlawful computer hacking, Defendant failed to do so.

9    Defendant also failed to respond to numerous inquiries from Plaintiff's counsel requesting that

10   Defendant confirm whether he intended to comply with the Court's Orders.  Plaintiff's counsel

11   informed Defendant via email that Plaintiff would be forced to move for sanctions if Defendant

12   refused to comply with the Court's Orders, including potentially terminating sanctions.

13        20.    On information and belief, Defendant has chosen to ignore this lawsuit and the

14   Court's Orders, and has instead embarked on a malicious campaign to cause additional damage

15   and irreparable harm to Plaintiff in retaliation for Plaintiff asserting its rights in this lawsuit.

16        21.    On information and belief, Defendant is well-aware that a material portion of

17   Plaintiff's business relies on positive Yelp® reviews and that, conversely, negative Yelp® reviews

18   have a substantial adverse impact on Plaintiff's business.

19        22.    In or about June 2016, Plaintiff is informed and believes and based thereon alleges

20   that Plaintiff – either under the pseudonym Kris E., or encouraging an individual using the

21   pseudonym Kris E. – caused a false and malicious review of Plaintiff to be posted on Yelp®.  The

22   review included the following statements, among other things:  "Worst Dental office EVER! . . .

23   [T]his is to let people know that this office is very shady and unprofessional . . . They say to get

24   botox or add additional services to charge your insurance more . . . The worst part is that the

25   doctor messes up a lot and doesn't take responsibility unless you take it seriously into court . . .

26   [T]he business is shady and his skills do not deserve the ratings he has on Yelp."

27        23.    The Kris E. Yelp® review went on to tell a fabricated "experience" with Plaintiff in

28   which "Kris E" was allegedly overcharged, charged for services Plaintiff had previously promised

1   were covered by insurance, was the victim of unauthorized charges on his credit card. These

2   statements are false and were known to be false by Plaintiff.

3       24.     In or about October and November 2016, Plaintiff is informed and believes and

4   thereon alleges that Defendant contacted persons who had given Plaintiff positive Yelp® reviews

5   and sent them information concerning a humiliating incident involving Plaintiff's principals.

6   Defendant sent this information to Plaintiff's patients with comments that "The doctors have this

7   record and history . . . They are not who they seem to be. Do you think they are qualified to get

8   this positive comment?" On information and belief, Defendant did this for the purpose of

9   interfering with Plaintiff's contracts with its patients and to dissuade its patients from positively

10   reviewing Plaintiff on Yelp®. In fact, in response to Defendant's actions, at least one of

11   Plaintiff's patients removed his positive review of Plaintiff from Yelp®.

12       25.     Plaintiff has suffered and continues to suffer damage and irreparable harm to its

13   reputation from Defendant's false and disparaging statements about Plaintiff's business, and

14   Defendant's interference with Plaintiff's customers.

15                 **FIRST CAUSE OF ACTION**

16           **Violation of California Penal Code Section 502**

17       26.     Plaintiff incorporates by reference as though fully set forth herein all previous

18   allegations of this Complaint.

19       27.     Penal Code section 502 provides for the imposition of criminal fines and/or

20   imprisonment against any person who commits, among other things, the following acts:

21           a.     "[k]nowingly accesses and without permission alters, damages, deletes,

22   destroys, or otherwise uses any data, computer, computer system, or computer network in order to

23   (A) devise or execute any scheme or artifice to defraud, deceive or extort, or (B) wrongfully control

24   or obtain money, property or data"; or

25           b.     "[k]nowingly accesses and without permission takes, copies, or makes use of

26   any data from a computer, computer system, or computer network, or takes or copies any supporting

27   documentation, whether existing or residing internal or external to a computer, computer system, or

28   computer network"; or

c.    "[k]nowingly and without permission provides or assists in providing a means of accessing a computer, computer system, or computer network in violation" of Section 502; or

d.    "[k]nowingly and without permission accesses or causes to be accessed any computer, computer system, or computer network."

28.    In addition to imposing criminal penalties, Penal Code section 502(e)(1) permits the "owner or lessee of the computer, computer system, computer network, computer program, or data who suffers damage or loss" by reason of any violation of section 502 to bring a civil action for compensatory damages, injunctive relief or other equitable relief. Section 502(e)(2) further permits the Court in such a civil action to award reasonable attorney's fees.

29.    At all times relevant herein, Plaintiff owned computers, computer systems, and a computer network on which it stored computer data.

30.    Defendant knowingly and unlawfully accessed, or caused to be accessed, computers, computer systems and/or the computer network that Plaintiff owned, and took, copied or otherwise unlawfully used the data contained in these computers, computer systems and/or computer network. Defendant did so knowingly, without Plaintiff' permission, and with the intent to, among other things: (a) wrongfully control or obtain data; and (2) extort a substantial pay increase of more than 30%.

31.    Defendant's unauthorized access to Plaintiff' computer systems was not in the course and scope of employment with Plaintiff, and he was not copying electronic files in order to perform acts that were reasonably necessary to the performance of Defendant's work assignments for Plaintiff.

32.    Under Penal Code section 502, Plaintiff is entitled to an award of actual and compensatory damages against Defendant for injuries Plaintiff suffered to date. As a result of Plaintiff's unlawful conduct, Plaintiff has suffered damage in the amount of no less than $18,500 including: (1) $11,994.00 for the purchase of new software and hardware; (2) $6,000 in lost income from two of its doctors for time spent investigating the computer hacking; (3) $10,000 for fees and costs paid to an IT consultant; and (4) $2,500 for fees paid to an IT hardware computer technician.

33.    The violations described above, including the Defendant' knowing and wrongful accessing of Plaintiff' computer-related property, threaten to and will cause great and irreparable injury to Plaintiff in that Defendant has unlawfully misappropriated Plaintiff' confidential information, including without limitation, patient information, Plaintiff's financial information and employee information.  The damages that Plaintiff will sustain by reason thereof cannot readily be ascertained or calculated and, therefore, immediate injunctive relief is warranted.  Plaintiff requests, therefore, that during the pendency of this action, this Court issue a preliminary injunction, and that after trial, this Court issue a permanent injunction, restraining and enjoining Defendant and his agents, employees, attorneys and representatives, and anyone acting at their direction or on their behalf, from using or disclosing any of the computer files that Defendant obtained or copied from Plaintiff' computer systems.  Plaintiff also requests that, during the pendency of this action, this Court issue a preliminary injunction, and that after trial, this Court issue a permanent injunction, requiring Defendant to return and/or permanently delete from their computer system all computer files that were wrongfully obtained or copied from Plaintiff.

34.    Defendant's conduct was willful.  Therefore, under Penal Code section 502(e)(4), Plaintiff is entitled to an award of punitive damages.

35.    In addition, under Penal Code section 502(e)(2), Plaintiff is entitled to an award of its reasonable attorney's fees and costs incurred in pursuing this cause of action against Defendant.

## SECOND CAUSE OF ACTION

### Violation of the Federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030

36.    Plaintiff incorporates by reference as though fully set forth herein all previous allegations of this Complaint.

37.    Federal law, like California law, makes it a criminal offense for individuals, including employees, to steal computer information.  One such federal statute is the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 (the "CFAA").

38.    Plaintiff owns protected computers on which it maintains information, including confidential employee, patient and insurance information.  Plaintiff's computers are used in interstate commerce.

39.    Defendant knowingly and intentionally accessed Plaintiff's computers without authorization, and/or knowingly and intentionally exceeded their authorized access. Defendant's purpose in improperly accessing Plaintiff' computers was to (1) wrongfully control or obtain data; and (2) extort a substantial pay increase from Plaintiff. Therefore, when Defendant accessed Plaintiff' computers without permission and/or exceeded their authorized access, Defendant had the intent to steal, extort and defraud, and furthered that intent by copying Plaintiff' computer files.

40.    Defendant's actions constitute violations of at least the following provisions of the CFAA: 18 U.S.C. § 1030(a)(2)(C), § 1030(a)(4) and § 1030(a)(5)(B).

41.    Although the CFAA is a criminal statute, Plaintiff may maintain a civil action against Defendant for damages, injunctive relief, and other equitable relief, under 18 U.S.C. § 1030(g). Defendant's conduct has caused, and will continue to cause, irreparable injury to Plaintiff. Plaintiff has no adequate remedy at law. Therefore, injunctive relief is appropriate.

42.    Defendant's access to Plaintiff' computers has caused loss and/or damage to Plaintiff. As a result of Plaintiff's unlawful conduct, Plaintiff has suffered damage in the amount of no less than $18,500 including: (1) $11,994.00 for the purchase of new software and hardware; (2) $6,000 in lost income from two of its doctors for time spent investigating the computer hacking; (3) $10,000 for fees and costs paid to an IT consultant; and (4) $2,500 for fees paid to an IT hardware computer technician. Plaintiff further incurred to verify that Plaintiff' computer systems and data were or were not altered, damaged, or deleted by Defendant's unlawful access.

### THIRD CAUSE OF ACTION

#### Conversion

43.    Plaintiff incorporates by reference as though fully set forth herein all previous allegations of this Complaint.

44.    Defendant has converted electronic documents from Plaintiff.

45.    Plaintiff is the owner of the electronic documents identified herein and is entitled to exclusive possession of its property.

46.    As a direct and proximate result of Defendant's unlawful conversion, Plaintiff has suffered and will continue to suffer actual damages, including costs incurred attempting to mitigate

1  damages, and legal costs and expenses. Plaintiff is entitled to the immediate return of its property

2  and to an award of damages. As a result of Plaintiff's unlawful conduct, Plaintiff has suffered

3  damage in the amount of no less than $18,500 including: (1) $11,994.00 for the purchase of new

4  software and hardware; (2) $6,000 in lost income from two of its doctors for time spent investigating

5  the computer hacking; (3) $10,000 for fees and costs paid to an IT consultant; and (4) $2,500 for

6  fees paid to an IT hardware computer technician.

7      47.    The acts and omissions of Defendant was intentional, malicious, and oppressive, and

8  were done with the intent and design to damage Plaintiff. For those reasons, Plaintiff is entitled to

9  recover punitive damages in an amount to be determined at the time of trial.

10                        **FOURTH CAUSE OF ACTION**

11                           **Attempted Extortion**

12      48.    Plaintiff incorporates by reference as though fully set forth herein all previous

13  allegations of this Complaint.

14      49.    Penal Code section 524 provides for the imposition of criminal fines and/or

15  imprisonment against any person who attempts, by means of any threat, such as specified in Penal

16  Code section 519, to extort money or other property from another. Penal Code Section 519 provides,

17  in turn, that fear, such as will constitute extortion, includes a threat to expose a secret affecting the

18  plaintiff.

19      50.    Defendant had a specific intent to commit extortion, to wit, obtaining a substantial

20  pay raise of more than 30% and other benefits from Plaintiff, which was induced by a wrongful use

21  of fear in threatening to expose Plaintiff's confidential information as alleged above.

22      51.    Defendant took direct acts in furtherance of his attempted extortion as alleged above.

23      52.    Plaintiff has been damaged as a result of Defendant's violations of section 524, in an

24  amount to be proven at trial, but alleged to be well in excess of the minimum jurisdiction of this

25  Court.

26      53.    Defendant has conducted himself with a conscious disregard of the rights of Plaintiff

27  and with the intent to vex, injure, or annoy such as to constitute oppression, fraud, or malice, entitling

28  Plaintiff to punitive damages in an amount appropriate to punish or set an example of Defendant.

## FIFTH CAUSE OF ACTION

### Trade Libel

54.     Plaintiff incorporates by reference as though fully set forth herein all previous allegations of this Complaint.

55.     Defendant made or caused to be made statements that were published to the general public across the world wide web via Yelp®, which statements are false and intended to disparage Plaintiff and cause it to lose patients and potential patients.  Defendant made or caused to be made false statements in or about June 2016 as alleged above under the pseudonym Kris E.

56.     Defendant's statements falsely claim that (1) Plaintiff advises patients to get botox or add additional services to charge the patient's insurance more; (2) Plaintiff's principal "messes up a lot and doesn't take responsbility unless you take it seriously into court . . ."; (3) Plaintiff's "business is shady" and the skills of Plaintiff's principal "do not deserve the ratings he has on Yelp"; (4) the person acting under the psedonym Kris E. had an experience with Plaintiff in which the patient was allegedly overcharged, was charged for services Plaintiff had previously promised were covered by insurance, and had unauthorized charges to his credit card made by Plaintiff.

57.     These statement are false because (1) Plaintiff does not advise patients to get botox or add additional services to charge the patient's insurance more; (2) Plaintiff's principal does not "mess[] up a lot and [refuse to] take responsibility unless you take it seriously into court . . ."; (3) Plaintiff's "business is [not] shady" and the skills of Plaintiff's principal "do [ ] deserve the ratings he has on Yelp"; (4) no person had the experience relayed by "Kris E" in which the patient was overcharged, was charged for services Plaintiff had previously promised were covered by insurance, or had unauthorized charges to the patient's credit card made by Plaintiff.

58.     Defendant made or caused these statements to be made knowing that they are false, or at least, with reckless disregard for their truth.

59.     On information and belief, these statements played a material and substantial part in inducing others not to do business with Plaintiff and to refrain from using Plaintiff's services.  As such, Plaintiff has suffered damages in the form of lost profits from sales of its services in the amount of not less than $528,000.  Plaintiff has also suffered damage to its reputation in the amount of not

1   less than $600,000.

2      60.    Plaintiff is entitled to damages as a result of Defendant's actions and conduct and,

3   because such damages alone do not provide Plaintiff with an adequate remedy at law, Plaintiff is

4   also entitled to injunctive relief prohibiting Plaintiff from making or causing to be made false

5   statements regarding Plaintiff or its principals.

6      61.    Defendant's conduct alleged above was willful and malicious, and was intended to

7   induce patients and prospective patients to avoid doing business with Plaintiff.  Defendant has

8   conducted themselves with a conscious disregard of the rights of Plaintiff and with the intent to vex,

9   injure, or annoy such as to constitute oppression, fraud, or malice, entitling Plaintiff to punitive

10   damages in an amount appropriate to punish or set an example of Defendant.

11   ## SIXTH CAUSE OF ACTION

12   ### Intentional Interference With Prospective Economic Advantage

13      62.    Plaintiff incorporates by reference as though fully set forth herein all previous

14   allegations of this Complaint.

15      63.    Plaintiff had and has valid existing and prospective economic relationships with

16   patients and potential patients, each of which probably would have resulted in a future economic

17   benefit or advantage to Plaintiff.

18      64.    Defendant knew of these relationships and intended to disrupt them.

19      65.    Moreover, on information and belief, Defendant did in fact interfere with and

20   disrupt Plaintiff's economic relationships with patients and prospective patients by inducing them

21   not to do business with Plaintiff through the wrongful conduct alleged herein, including but not

22   limited to the false statements alleged above and by contacting Plaintiff's patients to inform them

23   of humiliating information concerning Plaintiff's principals.

24      66.    Defendant's unlawful conduct has directly, proximately and foreseeably caused

25   Plaintiff to lose the full economic benefit and advantage reasonably expected from these

26   relationships.  On information and belief, these statements played a material and substantial part in

27   inducing others not to do business with Plaintiff and to refrain from using Plaintiff's services.  As

28   such, Plaintiff has suffered damages in the form of lost profits from sales of its services in the

1 amount of not less than $528,000.

2     67.   Plaintiff is entitled to damages as a result of Defendant's actions and conduct and,

3 because such damages alone do not provide Plaintiff with an adequate remedy at law, Plaintiff is

4 also entitled to injunctive relief.

5     68.   Defendant's conduct was willful and malicious, and was intended to induce

6 patients and prospective patients to avoid doing business with Plaintiff. Defendant has conducted

7 himself with a conscious disregard of the rights of Plaintiff and with the intent to vex, injure, or

8 annoy such as to constitute oppression, fraud, or malice, entitling Plaintiff to punitive damages in

9 an amount appropriate to punish or set an example of Defendant.

10 <u>SEVENTH CAUSE OF ACTION</u>

11 Intentional Interference With Contractual Relations

12     69.   Plaintiff incorporates by reference as though fully set forth herein all previous

13 allegations of this Complaint.

14     70.   Plaintiff had and has contracts with its patients for the provision of dental services.

15     71.   Defendant knew of the existence of these contracts.

16     72.   Defendant intended to disrupt the performance of these contracts by inducing

17 Plaintiff's patients to cease doing business with Plaintiff by, among other things, making the false

18 statements alleged above and sending those who gave Plaintiff positive Yelp® reviews

19 humiliating information concerning Plaintiff's principals and informing the reviewers that "The

20 doctors have this record and history . . . They are not who they seem to be. Do you think they are

21 qualified to get this positive comment?"

22     73.   On information and belief, Defendant's conduct prevented performance or made

23 performance more expensive or difficult by inducing Plaintiff's patients not to do business with

24 Plaintiff.

25     74.   Defendant's unlawful conduct has directly, proximately and foreseeably caused

26 Plaintiff to lose the full economic benefit and advantage reasonably expected from these contracts.

27 On information and belief, these statements played a material and substantial part in inducing

28 others not to do business with Plaintiff and to refrain from using Plaintiff's services. As such,

1 | Plaintiff has suffered damages in the form of lost profits from sales of its services in the amount of

2 | not less than $528,000.

3 | 　　　　75.　　Plaintiff is entitled to damages as a result of Defendant's actions and conduct and,

4 | because such damages alone do not provide Plaintiff with an adequate remedy at law, Plaintiff is

5 | also entitled to injunctive relief.

6 | 　　　　76.　　Defendant's conduct was willful and malicious, and was intended to induce

7 | patients and prospective patients to avoid doing business with Plaintiff. Defendant has conducted

8 | themselves with a conscious disregard of the rights of Plaintiff and with the intent to vex, injure,

9 | or annoy such as to constitute oppression, fraud, or malice, entitling Plaintiff to punitive damages

10 | in an amount appropriate to punish or set an example of Defendant.

11 | **PRAYER FOR RELIEF**

12 | Plaintiff prays for judgment against Defendant as follows:

13 | ON THE FIRST CAUSE OF ACTION

14 | 　　　　1.　　Compensatory damages of no less than $18,500;

15 | 　　　　2.　　For reasonable attorneys' fees and costs incurred herein;

16 | 　　　　3.　　For the equitable relief requested in this Complaint;

17 | 　　　　4.　　For punitive damages according to proof at trial.

18 | ON THE SECOND CAUSE OF ACTION

19 | 　　　　1.　　Compensatory damages of no less than $18,500;

20 | 　　　　2.　　For reasonable attorneys' fees and costs incurred herein;

21 | 　　　　3.　　For the equitable relief requested in this Complaint;

22 | 　　　　4.　　For punitive damages according to proof at trial.

23 | ON THE THIRD CAUSE OF ACTION

24 | 　　　　1.　　Compensatory damages of no less than $18,500;

25 | 　　　　2.　　For reasonable attorneys' fees and costs incurred herein;

26 | 　　　　3.　　For the equitable relief requested in this Complaint;

27 | 　　　　4.　　For punitive damages according to proof at trial.

28 | ON THE FOURTH CAUSE OF ACTION

1       1.      Compensatory in an amount to be proved at trial;

2       2.      For punitive damages according to proof at trial.

3   ON THE FIFTH CAUSE OF ACTION

4       1.      Compensatory damages of no less than $1,280,000, including $528,000 in lost profits

5   and $600,000 in damage to reputation;

6       2.      For the equitable relief requested in this Complaint;

7       3.      For punitive damages according to proof at trial.

8   ON THE SIXTH CAUSE OF ACTION

9       1.      Compensatory damages of no less than $528,000 in lost profits;

10      2.      For the equitable relief requested in this Complaint;

11      3.      For punitive damages according to proof at trial.

12  ON THE SEVENTH CAUSE OF ACTION

13      1.      Compensatory damages of no less than $528,000 in lost profits;

14      2.      For the equitable relief requested in this Complaint;

15      3.      For punitive damages according to proof at trial.

16  ON ALL CAUSES OF ACTION

17      1.      For prejudgment interest; and

18      2.      For such other relief as the Court deems just and proper.

19  Dated: January 26, 2017                    RUTAN & TUCKER, LLP

20

21                                      By:

22                                          Michael Adams
                                            Attorneys for Plaintiff
23                                          Ho Jung Kim, DDS, Inc.
                                            dba M Dental Group

24

25

26

27

28

1                                  <u>PROOF OF SERVICE</u>

2    STATE OF CALIFORNIA, COUNTY OF ORANGE

3            I am employed by the law office of Rutan & Tucker, LLP in the County of Orange, State
     of California. I am over the age of 18 and not a party to the within action. My business address is
4    611 Anton Boulevard, Suite 1400, Costa Mesa, California 92626-1931. My electronic notification
     address is lfenwick@rutan.com.
5
             On January 26, 2017, I served on the interested parties in said action the within: **FIRST
6    AMENDED COMPLAINT FOR: (1) VIOLATION OF CALIFORNIA PENAL CODE
     SECTION 502 (2) VIOLATION OF COMPUTER FRAUD AND ABUSE ACT (3)
7    CONVERSION (4) ATTEMPTED EXTORTION (5) TRADE LIBEL (6) INTERFERENCE
     WITH PROSPECTIVE ECONOMIC ADVANTAGE (7) INTERFERENCE WITH
8    CONTRACT** as stated below:

9            Calvin Dao aka Huy Dao
             8113 Cerritos Avenue, Apt. 132
10           Stanton, CA 90680

11           E Mail: calvinhqdao@gmail.com

12
      ☐    (BY MAIL) by placing a true copy thereof in sealed envelope(s) addressed as shown
13         above.

14    ☒    (BY E-MAIL) by transmitting a true copy of the foregoing document(s) to the e-mail
           addresses set forth above.
15
      ☒    (BY FEDEX) by depositing in a box or other facility regularly maintained by FedEx, an
16    express service carrier, or delivering to a courier or driver authorized by said express service
      carrier to receive documents, a true copy of the foregoing document in sealed envelopes or
17    packages designated by the express service carrier, addressed as shown above, with fees for
      overnight delivery provided for or paid.
18
              In the course of my employment with Rutan & Tucker, LLP, I have, through first-hand
19    personal observation, become readily familiar with Rutan & Tucker, LLP's practice of collection
      and processing correspondence for mailing with the United States Postal Service. Under that
20    practice, I deposited such envelope(s) in an out-box for collection by other personnel of Rutan &
      Tucker, LLP, and for ultimate posting and placement with the U.S. Postal Service on that same
21    day in the ordinary course of business. If the customary business practices of Rutan & Tucker,
      LLP with regard to collection and processing of correspondence and mailing were followed, and I
22    am confident that they were, such envelope(s) were posted and placed in the United States mail at
      Costa Mesa, California, that same date. I am aware that on motion of party served, service is
23    presumed invalid if postal cancellation date or postage meter date is more than one day after date
      of deposit for mailing in affidavit.
24
              Executed on January 26, 2017, at Costa Mesa, California.
25
              I declare under penalty of perjury under the laws of the State of California that the
26    foregoing is true and correct.

27
      _____          _____
28          Laura Fenwick                                    (Signature)
           (Type or print name)

2530/032937-0005
10344736.1 a01/19/17

# Exhibit B

JUD-100

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address) | FOR COURT USE ONLY |
|---|---|

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, state bar number, and address)*
Michael Adams (SBN 185835)/Proud Usahacharoenporn (SBN 278204)
RUTAN & TUCKER, LLP
611 Anton Boulevard, Fourteenth Floor
Costa Mesa, California 92626-1931
TELEPHONE NO. 714-641-5100        FAX NO. *(Optional)* 714-546-9035
E-MAIL ADDRESS *(Optional)* pusaha@rutan.com
ATTORNEY FOR *(Name)* Plaintiff Ho Jung Kim DDS, Inc.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS 700 Civic Center Drive West
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, CA
BRANCH NAME. Central

PLAINTIFF. Ho Jung Kim DDS, Inc.

DEFENDANT: Calvin Dao aka Huy Dao, et al.

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

NOV 2 1 2017

DAVID H. YAMASAKI, Clerk of the Court

BY_____, DEPUTY

CASE NUMBER.
30-2016-00835391 CU NP CJC

| JUDGMENT | |
|---|---|
| ☐ By Clerk | ☒ By Default | ☐ After Court Trial |
| ☒ By Court | ☐ On Stipulation | ☐ Defendant Did Not Appear at Trial |

JUDGMENT

1. ☒    **BY DEFAULT**
    a   Defendant was properly served with a copy of the summons and complaint.
    b.  Defendant failed to answer the complaint or appear and defend the action within the time allowed by law.
    c.  Defendant's default was entered by the clerk upon plaintiff's application.
    d.  ☐ Clerk's Judgment (Code Civ. Proc., § 585(a)). Defendant was sued only on a contract or judgment of a court of this state for the recovery of money.
    o.  ☒ Court Judgment (Code Civ. Proc., § 585(b)). The court considered
        (1) ☐ plaintiff's testimony and other evidence.
        (2) ☒ plaintiff's written declaration (Code Civ. Proc., § 585(d)).

2. ☐    **ON STIPULATION**
    a.  Plaintiff and defendant agreed (stipulated) that a judgment be entered in this case. The court approved the stipulated judgment and
    b.  ☐ the signed written stipulation was filed in the case.
    c.  ☐ the stipulation was stated in open court   ☐ the stipulation was stated on the record.

3. ☐    **AFTER COURT TRIAL.** The jury was waived. The court considered the evidence.
    a.  The case was tried on *(date and time)*:
        before *(name of judicial officer)*:
    b.  Appearances by:
        ☐ Plaintiff *(name each)*:                       ☐ Plaintiff's attorney *(name each)*:
            (1)                                                (1)
            (2)                                                (2)
        ☐ Continued on Attachment 3b.

        ☐ Defendant *(name each)*:                       ☐ Defendant's attorney *(name each)*:
            (1)                                                (1)
            (2)                                                (2)
        ☐ Continued on Attachment 3b.

    c.  ☐ Defendant did not appear at trial. Defendant was properly served with notice of trial.
    d.  ☐ A statement of decision (Code Civ. Proc., § 632)   ☐ was not   ☐ was requested.

Form Approved for Optional Use
Judicial Council of California
JUD-100 [New January 1, 2002]                           JUDGMENT                           Code of Civil Procedure, §§ 585, 664.6

American LegalNet, Inc.
www.FormsWorkflow.com

| PLAINTIFF: Ho Jung Kim DDS, Inc<br><br>DEFENDANT. Calvin Dao aka Huy Dao, et al. | CASE NUMBER:<br>30-2016-00835391 CU NP CJC |
| --- | --- |

**JUDGMENT IS ENTERED AS FOLLOWS BY:** ☒ THE COURT   ☐ THE CLERK

4. ☐ Stipulated Judgment. Judgment is entered according to the stipulation of the parties.

5. **Parties. Judgment is**

   a. ☒ for plaintiff *(name each):* Ho Jung Kim DDS, Inc.    c. ☐ for cross-complainant *(name each):*

   and against defendant *(names):* Calvin Dao aka Huy Dao    and against cross-defendant *(name each):*

   ☐ Continued on Attachment 5a.    ☐ Continued on Attachment 5c.

   b. ☐ for defendant *(name each):*    d. ☐ for cross-defendant *(name each):*

6. **Amount.**

   a. ☒ Defendant named in item 5a above must pay plaintiff on the complaint:    c. ☐ Cross-defendant named in item 5c above must pay cross-complainant on the cross-complaint:

| | | | | | | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| (1) | ☒ | Damages | $   30,494.00 | (1) | ☐ | Damages | $   TBD |
| (2) | ☐ | Prejudgment interest at the annual rate of   % | $ | (2) | ☐ | Prejudgment interest at the annual rate of   % | $   TBD |
| (3) | ☒ | Attorney fees | $   42,513.82 | (3) | ☐ | Attorney fees | $   TBD |
| (4) | ☒ | Costs | $   1,741.80 | (4) | ☐ | Costs | $   TBD |
| (5) | ☐ | Other (specify): | $ | (5) | ☐ | Other (specify): | $ |
| (6) | | TOTAL | $   74,749.62 | (6) | | TOTAL | $   TBD |

   b. ☐ Plaintiff to receive nothing from defendant named in item 5b.
   ☐ Defendant named in item 5b to recover costs $
   ☐ and attorney fees $

   d. ☐ Cross-complainant to receive nothing from cross-defendant named in item 5d.
   ☐ Cross-defendant named in item 5d to recover costs $
   ☐ and attorney fees $

7. ☒ Other *(specify):* A permanent injunction (1) restraining and enjoining Defendant and his agents, employees, attorneys and representatives, and anyone acting at their direction or on their behalf, from using or disclosing any of the computer files that Defendant obtained or copied from Plaintiff's computer systems, (2) requiring Defendant to return and/or permanently delete all computer files that were wrongfully obtained or copied from Plaintiff; and (3) prohibiting Defendant from making or causing to be made false statements regarding Plaintiff or its principals.

Date: 11-21-17

JUDICIAL OFFICER   CRAIG L. GRIFFIN

Date: _____   ☐ Clerk, by _____, Deputy

---

**CLERK'S CERTIFICATE** *(Optional)*

(SEAL)

I certify that this is a true copy of the original judgment on file in the court.

Date: _____

Clerk, by _____, Deputy

JUD-100 [New January 1, 2002]    **JUDGMENT**    American LegalNet, Inc.<br>www.FormsWorkflow.com

1                           <u>PROOF OF SERVICE</u>

2   STATE OF CALIFORNIA, COUNTY OF ORANGE

3        I am employed by the law office of Rutan & Tucker, LLP in the County of Orange, State
    of California. I am over the age of 18 and not a party to the within action. My business address is
4   611 Anton Boulevard, Suite 1400, Costa Mesa, California 92626-1931. My electronic notification
    address is lfenwick@rutan.com.
5
         On November 17, 2017, I served on the interested parties in said action the within:
6   **JUDGMENT BY COURT BY DEFAULT** as stated below:

7        Calvin Dao aka Huy Dao
         8113 Cerritos Avenue, Apt. 132
8        Stanton, CA 90680

9        E Mail:  calvinhqdao@gmail.com

10

11   ☒   (BY MAIL) by placing a true copy thereof in sealed envelope(s) addressed as shown
         above.
12
13   ☒   (BY E-MAIL) by transmitting a true copy of the foregoing document(s) to the e-mail
         addresses set forth above.

14   ☐   (BY FEDEX) by depositing in a box or other facility regularly maintained by FedEx, an
         express service carrier, or delivering to a courier or driver authorized by said express service
15       carrier to receive documents, a true copy of the foregoing document in sealed envelopes or
         packages designated by the express service carrier, addressed as shown above, with fees for
16       overnight delivery provided for or paid.

17       In the course of my employment with Rutan & Tucker, LLP, I have, through first-hand
         personal observation, become readily familiar with Rutan & Tucker, LLP's practice of collection
18   and processing correspondence for mailing with the United States Postal Service. Under that
     practice, I deposited such envelope(s) in an out-box for collection by other personnel of Rutan &
19   Tucker, LLP, and for ultimate posting and placement with the U.S. Postal Service on that same
     day in the ordinary course of business. If the customary business practices of Rutan & Tucker,
20   LLP with regard to collection and processing of correspondence and mailing were followed, and I
     am confident that they were, such envelope(s) were posted and placed in the United States mail at
21   Costa Mesa, California, that same date. I am aware that on motion of party served, service is
     presumed invalid if postal cancellation date or postage meter date is more than one day after date
22   of deposit for mailing in affidavit.

23       Executed on November 17, 2017, at Costa Mesa, California.

24       I declare under penalty of perjury under the laws of the State of California that the
     foregoing is true and correct.
25

26   _____
         Laura Fenwick                                    _____
27       (Type or print name)                                   (Signature)

28

# Exhibit C

EJ-001

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, address, State Bar number, and telephone number):*
Recording requested by and return to:
Michael D. Adams (State Bar No. 185835)
Proud Usahacharoenporn (State Bar No. 278204)
RUTAN & TUCKER, LLP
611 Anton Blvd., 14th Floor, Costa Mesa, CA 92626
TEL NO.: (714) 641-5100    FAX NO. (Optional): (714) 546-9035
E-MAIL ADDRESS (Optional): pusaha@rutan.com
☒ ATTORNEY FOR    ☒ JUDGMENT CREDITOR    ☐ ASSIGNEE OF RECORD

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Central Justice Center

FOR RECORDER'S USE ONLY

PLAINTIFF: HO JUNG KIM DDS, INC.

DEFENDANT: CALVIN DAO aka HUY DAO, et al.

**ABSTRACT OF JUDGMENT—CIVIL
AND SMALL CLAIMS**    ☐ Amended

CASE NUMBER:
30-2016-00835391-CU-NP-CJC

FOR COURT USE ONLY

Pursuant to California Government Code § 68150(f), the Clerk of the Court hereby certifies this document accurately reflects the official court record. The electronic signature and seal on this document have the same validity and legal force and effect as an original clerk's signature and court seal. California Government Code § 68150(g).

1. The ☒ judgment creditor ☐ assignee of record
applies for an abstract of judgment and represents the following:
   a. Judgment debtor's
      Name and last known address

      Calvin Dao aka Huy Dao
      8113 Cerritos Avenue, Apt. 132
      Stanton, CA 90680

   b. Driver's license no. [last 4 digits] and state:    ☒ Unknown
   c. Social security no. [last 4 digits]: xxx-xx-1579    ☐ Unknown
   d. Summons or notice of entry of sister-state judgment was personally served or mailed to (name and address):
      Calvin Dao aka Huy Dao, 8113 Cerritos Ave., #132, Stanton, CA 90680

2. ☐ Information on additional judgment debtors is shown on page 2.
3. Judgment creditor (name and address):
   Ho Jung Kim DDS, Inc.
   610 Green Acre Drive
   Fullerton, CA 92835

4. ☐ Information on additional judgment creditors is shown on page 2.
5. ☐ Original abstract recorded in this county:
   a. Date:
   b. Instrument No.:

Date: December 14, 2017
Proud Usahacharoenporn
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF APPLICANT OR ATTORNEY)

6. Total amount of judgment as entered or last renewed:
   $74,749.62
7. All judgment creditors and debtors are listed on this abstract.
8. a. Judgment entered on (date): November 21, 2017
   b. Renewal entered on (date):
9. ☐ This judgment is an installment judgment.

10. ☐ An ☐ execution lien ☐ attachment lien
    is endorsed on the judgment as follows:
    a. Amount: $
    b. In favor of (name and address):

11. A stay of enforcement has
    a. ☒ not been ordered by the court.
    b. ☐ been ordered by the court effective until (date):
12. a. ☒ I certify that this is a true and correct abstract of, the judgment entered in this action,
    b. ☐ A certified copy of the judgment is attached.

[SEAL] SUPERIOR COURT OF CALIFORNIA COUNTY OF ORANGE

This abstract issued on (date):
12/15/17

David H. Yamasaki, Clerk of the Court

A. DANG

Clerk, by _____, Deputy

Form Adopted for Mandatory Use
Judicial Council of California
EJ-001 [Rev. July 1, 2014]

**ABSTRACT OF JUDGMENT—CIVIL
AND SMALL CLAIMS**

Page 1 of 2
Code of Civil Procedure, §§ 488.480,
674, 700.190

| PLAINTIFF: HO JUNG KIM DDS, INC.<br><br>DEFENDANT: CALVIN DAO aka HUY DAO, et al. | COURT CASE NO.:<br>30-2016-00835391-CU-NP-CJC |
|---|---|

**NAMES AND ADDRESSES OF ADDITIONAL JUDGMENT CREDITORS:**

13. Judgment creditor *(name and address):*

14. Judgment creditor *(name and address):*

15. ☐ Continued on Attachment 15.

**INFORMATION ON ADDITIONAL JUDGMENT DEBTORS:**

16.    Name and last known address

17.    Name and last known address

Driver's license no. [last 4 digits] and state:    ☐ Unknown

Social security no. [last 4 digits]:    ☐ Unknown

Summons was personally served at or mailed to *(address):*

Driver's license no. [last 4 digits] and state:    ☐ Unknown

Social security no. [last 4 digits]:    ☐ Unknown

Summons was personally served at or mailed to *(address):*

18.    Name and last known address

19.    Name and last known address

Driver's license no. [last 4 digits] and state:    ☐ Unknown

Social security no. [last 4 digits]:    ☐ Unknown

Summons was personally served at or mailed to *(address):*

Driver's license no. [last 4 digits] and state:    ☐ Unknown

Social security no. [last 4 digits]:    ☐ Unknown

Summons was personally served at or mailed to *(address):*

20. ☐ Continued on Attachment 20.

EJ-001 [Rev. January 1, 2014]

**ABSTRACT OF JUDGMENT—CIVIL
AND SMALL CLAIMS**

American LegalNet, Inc.
www.FormsWorkFlow.com

# Exhibit D

CAS 982.5(6)a

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): **215998** | LEVYING OFFICER (Name and Address): |
|---|---|
| **Kellie Ta**<br>8113 Cerritos Ave Apt #136<br>Stanton, CA 90680<br><br>TELEPHONE NO.: **(714) 987-0021**    FAX NO.:<br>ATTORNEY FOR (Name): **In Pro Per** | **Orange County Sheriff's Office**<br>**Sheriff's Civil Division**<br>**Room 108**<br>**4601 Jamboree Blvd**<br>**Newport Beach, CA 92660**<br><br>**(949) 476-4820**<br>**Fax: (949) 476-4980**<br><br>**California Relay Service Number**<br>**(800) 735-2929 TDD or 711** |

NAME OF COURT, JUDICIAL DISTRICT, AND BRANCH COURT, IF ANY:

**Orange County Superior Court-Central Justice Center**

PLAINTIFF: Ho Jung Kim DDS, Inc.

DEFENDANT: Calvin Dao

| **NOTICE OF FILING OF CLAIM OF EXEMPTION**<br>(Enforcement of Judgement) | LEVYING OFFICER FILE NUMBER:<br>**2018107602** |
|---|---|

TO THE JUDGMENT CREDITOR:

(Name and address)

| COURT CASE NUMBER:<br>**30-2016-00835391-CU-NP-CJC** |
|---|

**K&L Law Group**
**2105 Foothill Blvd., Ste B121**
**La Verne, CA 91750**

Ho Jung Kim DDS, Inc.

1. This notice was mailed on

| (date): **11/14/18** | at (place): | **Newport Beach** | , California. |
|---|---|---|---|

2.    The judgment debtor has filed the attached *Claim of Exemption and Financial Statement. The Enforcement of Judgment* will be terminated or modified to reflect the amount claimed to be exempt by the debtor or in the *Claim of Exemption unless you oppose the Claim of Exemption. To oppose the Claim of Exemption*, you must schedule a court hearing and follow the procedures described below.

Levying Officer, by

**M. Margo**
(TYPE OR PRINT NAME)

(SIGNATURE)

---

**— INSTRUCTIONS TO JUDGMENT CREDITOR —**

3. You must complete all of the following steps within **15 days** of the mailing date shown above in item 1:

**HOW DO I OPPOSE THE CLAIM OF EXEMPTION?**

a.  Obtain at least five copies each of the following printed forms:
   (1) *Notice of Opposition to Claim of Exemption* (form EJ-170), and (2) *Notice of Hearing on Claim of Exemption* (form EJ-175). These forms are available from the clerk of the court.

b.  Complete all five copies of both forms.

c.  Contact the clerk of the court about setting a hearing date, time, and place. You must file your *Notice of Hearing on Claim of Exemption* with the court within 15 days of the date shown in item 1. The date of the hearing must be not more than 30 days after the date you file your paper with the court.

Page 1 of 2

CAS 982.5(6)a [Rev. May 3, 2013]    **NOTICE OF FILING OF CLAIM OF EXEMPTION**    Code of Civil Procedure, § 703.520
(Enforcement of Judgement)    www.courtinfo.ca.gov

CAS 982.5(6)a

| | | LEVYING OFFICER FILE NO. | COURT CASE NUMBER: |
|---|---|---|---|
| PLAINTIFF: | Ho Jung Kim DDS, Inc. vs. Calvin Dao | 2018107602 | 30-2016-00835391-CU-NP-CJC |
| DEFENDANT: | | | |

— INSTRUCTIONS TO JUDGMENT CREDITOR —

3. *(Continued)*

## WHAT DO I FILE WITH THE LEVYING OFFICER?

d. Give the following documents to the LEVYING OFFICER whose name and address are on the front of this form:
(1) A **copy** of the filed *Notice of Opposition to Claim of Exemption* with signature, and
(2) A copy of the *Notice of Hearing on Claim of Exemption*
The levying officer must receive the *Notice of Opposition to Claim of Exemption* within 15 days of the mailing date in item 1 on the front of this form, or the *3rd Party Levy* will be released or changed as requested in the *Claim of Exemption*.

## WHAT DO I FILE WITH THE COURT?

e. File the original *Notice of Opposition to Claim of Exemption* and *Notice of Hearing on Claim of Exemption* with signature with the COURT; Make sure that the Proof of Service on the reverse has been completed as indicated in item 3g below and that the the necessary signature on the Proof of Service is original. **The Court MUST receive this document within 15 days of the mailing date shown in item 1 on the front of this form.** Before the hearing the levying officer will file the original *Claim of Exemption* with the court.

## WHAT DO I SERVE ON THE JUDGMENT DEBTOR?

f. Have one copy each of the
(1) *Notice of Opposition to Claim of Exemption* and
(2) *Notice of Hearing on Claim of Exemption*
served on the judgment debtor or the debtor's attorney at the address shown in item 2 on the *Claim of Exemption*. They must be served at least 10 calendar days before the hearing if they are personally served. If they are sent by fax, express mail, or other method of overnight delivery, the required 10-day notice period shall be increased by 2 days. If they are served by mail from and to an address within California, they must be mailed at least 15 calendar days before the hearing. For more information on the time to serve the notices, you should see Code of Civil Procedure sections 703.570. **Complete the Proof of Service as shown in item 3g below.**

g. Service of the *Notice of Opposition to Claim of Exemption* and *Notice of Hearing on Claim of Exemption* must be made by first class mail or personal delivery. Service must be made by someone **not** a party to the action (not the judgment creditor). After the notices are served, the person making the service must complete and sign the appropriate Proof of Service on the reverse of the signed **original** *Notice of Hearing on Claim of Exemption,* which will be filed with the court.

4. Take a copy of each form and the *Claim of Exemption* with you to the court hearing.

*If you will not attend the court hearing, check item 3 on the Notice of Hearing on Claim of Exemption.*

CAS 982.5(6)a [Rev. May 3, 2013]

**NOTICE OF FILING OF CLAIM OF EXEMPTION**
(Enforcement of Judgment)

**[NOT FOR WAGE GARNISHMENT]**

RETURN TO LEVYING OFFICER, DO NOT FILE WITH COURT

EJ-160

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*

KELLIE H. TA
8113 CERRITOS AVE APT #136
STANTON, CA 90680

TELEPHONE NO.: (714) 987-0021   FAX NO. *(Optional)*:

E-MAIL ADDRESS *(Optional)*:

ATTORNEY FOR *(Name)*:

FOR LEVYING OFFICER USE ONLY
*(Levying Officer Name and Address)*

Orange County Sheriff's Office
Sheriff's Civil Division
Room 108
4601 Jamboree Blvd
Newport Beach, CA 92660

(949) 476-4820
Fax: (949) 476-4980

California Relay Service Number
(800) 735-2929 TDD or 711

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange

STREET ADDRESS: 700 Civic Center Drive West

MAILING ADDRESS:

CITY AND ZIP CODE: Santa Ana, CA 92701

BRANCH NAME: Central Justice Center

PLAINTIFF/PETITIONER: Ho Jung Kim DDS, Inc.

DEFENDANT/RESPONDENT: Calvin Dao

LEVYING OFFICER FILE NUMBER:

2018107602

FOR COURT USE ONLY

## CLAIM OF EXEMPTION
### (Enforcement of Judgment)

CASE NUMBER:

30-2016-00835391-CU-NP-CJC

*Copy all the information required above (except the top left space) from the Notice of Levy. The top left space is for your name or your attorney's name and address. The original and one copy of this form must be filed with the levying officer.*
**DO NOT FILE WITH THE COURT.**

1. My name is: KELLIE TA

2. Papers should be sent to:
   - [✓] me.
   - [ ] my attorney (I have filed with the court and served on the judgment creditor a request that papers be sent to my attorney and my attorney has consented in writing on the request to receive these papers.)
   at the address [ ] shown above [ ] following *(specify)*:

3. [✓] I am not the judgment debtor named in the notice of levy. The name and last known address of the judgment debtor is *(specify)*: CALVIN DAO

4. The property I claim to be exempt is *(describe)*: 2005 MATRIX License Plate 5PXS998 and SILVER 2015 TOYOTA HIGHLANDER License Plate 7JQW349 VIN 5TDZKRFH1FS063716

5. The property is claimed to be exempt under the following code and section *(specify)*: 704.010 and 704.210

6. The facts which support this claim are *(describe)*: Highlander is my only mean of transportation, I rely predominantly on the Highlander to go to work, take my kids to the doctor, go to places, etc. We use the Matrix for short distance like taking the boys to school.

7. [ ] The claim is made pursuant to a provision exempting property to the extent necessary for the support of the judgment debtor and the spouse and dependents of the judgment debtor. A Financial Statement form is attached to this claim.

8. [✓] The property claimed to be exempt is
   a. [✓] a motor vehicle, the proceeds of an execution sale of a motor vehicle, or the proceeds of insurance or other indemnification for the loss, damage, or destruction of a motor vehicle.
   b. [ ] tools, implements, materials, uniforms, furnishings, books, equipment, a commercial motor vehicle, a vessel, or other personal property used in the trade, business or profession of the judgment debtor or spouse.
   c. all other property of the same type owned by the judgment debtor, either alone or in combination with others, is *(describe)*:

9. [ ] The property claimed to be exempt consists of the loan value of unmatured life insurance policies (including endowment and annuity policies) or benefits from matured life insurance policies (including endowment and annuity policies). All other property of the same type owned by the judgment debtor or the spouse of the judgment debtor, either alone or in combination with others, is *(describe)*:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

KELLIE TA
(TYPE OR PRINT NAME)

▶ *(signature)*
(SIGNATURE OF DECLARANT)

Page 1 of 1

Form Approved by the
Judicial Council of California
EJ-160 [Rev. January 1, 2009]

CLAIM OF EXEMPTION
(Enforcement of Judgment)

Code of Civil Procedure, § 703.520
www.courtinfo.ca.gov

531675

American LegalNet, Inc.
www.FormsWorkflow.com

# Exhibit E

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**<br>JUSTICE CENTER:<br>☐ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045<br>☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512<br>☐ Harbor-Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595<br>☐ Lamoreaux - 341 The City Drive, Orange, CA 92868-3205<br>☒ North - 1275 N. Berkeley Ave., P. O. Box 5000, Fullerton, CA 92838-0500<br>☐ West - 8141 13th Street, Westminster, CA 92683-4593 | FOR COURT USE ONLY<br>**FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE<br>NORTH JUSTICE CENTER<br><br>**OCT 18 2018**<br><br>DAVID H. YAMASAKI, Clerk of the Court<br><br>BY:_____,DEPUTY |

| | |
|---|---|
| PLAINTIFF/PETITIONER: HO JUNG KIM DDS, INC.<br><br>DEFENDANT/RESPONDENT: DAO | |
| **ORDER DETERMINING CLAIM OF EXEMPTION**<br>(Enforcement of Judgment) | CASE NUMBER:<br>2016-00835391 |

1.    The application of (name): HO JUNG KIM DDS, INC.
      for an order determining the Claim of Exemption of (name):   KELLIE TA (SPOUSE OF THE JUDGMENT DEBTOR)
      was heard on (date): 10/15/18

      *(Check boxes to indicate personal appearance)*
      ☐ Judgment Creditor (name):
      ☒ Attorney (name): MARC Y. LAZO
      ☒ Judgment Debtor (name): KELLIE TA
      ☐ Attorney (name):

2.    The court considered the evidence in support of and in opposition to the Claim of Exemption.

3.    IT IS ORDERED
      a. ☒  The judgment debtor's claim of Exemption is denied.

      b. ☐  The judgment debtor's's Claim of Exemption is granted.

      c. ☐  The levying officer is directed to release any funds held to the **judgment debtor**:

      d. ☐  The levying officer is directed to release any funds held to the **judgment creditor** for payment on the
             judgment.

      e. ☒  Other orders *(specify)*:  SEE ATTACHMENT

      f.     The clerk shall transmit a certified copy of this order to the levying officer. The levying officer shall
             release any retained funds/possession as provided in this order.

Date: 10/18/18

JUDICIAL OFFICER

CRAIG L. GRIFFIN

**CLERK'S CERTIFICATION**

I certify that the foregoing is a true and correct copy of the original on file in my office.

DAVID H. YAMASAKI, Clerk of the Court

on (date): _____.

By:_____

DEPUTY CLERK

Court Use Only
L1067 Civil (Rev. Dec. 2016)
**ORDER DETERMINING CLAIM OF EXEMPTION**
(Enforcement of Judgment)
Code of Civil Procedure,
§ 703.580

# KIM VS. DAO, 2016-00835391   (PAGE 2 OF 2)

## ORDER DETERMINING CLAIM OF EXEMPTION
## (ENFORCEMENT OF JUDGMENT)

3e.  Other Orders:  Levying officer may levy up to
$2,505.41 from checking account No. 6576.  The
levying officer may also levy up to $74,749.62, less
any amounts obtained from the levy on the
checking account, from savings account No. 8665.

**WG-011**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | TELEPHONE NO: | FOR COURT USE ONLY |
|---|---|---|
| Michael D. Adams (State Bar No. 185835)<br>Damon D. Mircheff (State Bar No. 216257)<br>RUTAN & TUCKER, LLP<br>611 Anton Blvd., 14th Floor, Costa Mesa, California  92626 | (714) 641-5100 | |

ATTORNEY FOR *(Name)*: Ho Jung Kim DDS, Inc.

NAME OF COURT, JUDICIAL DISTRICT OR BRANCH COURT, IF ANY:
ORANGE COUNTY SUPERIOR COURT, NORTH JUSTIC CENTER

PLAINTIFF: HO JUNG KIM DDS, INC.

DEFENDANT: CALVIN DAO aka HUY DAO, et al.

ELECTRONICALLY RECEIVED
Superior Court of California,
County of Orange
08/16/2018 at 08:29:29 AM
Clerk of the Superior Court
By Jeanette Torres-Mendoza, Deputy Clerk

| ORDER DETERMINING CLAIM OF EXEMPTION | LEVYING OFFICER FILE NO: | COURT CASE NO.:<br>30-2016-00835391<br>CU NP CJC |
|---|---|---|

1. The application of *(name)*: Ho Jung Kim DDS, Inc.

   for an order determining the Claim of Exemption of *(name)*: Kellie Ta

   was heard on *(date)*: September 10, 2018

   *(Check boxes to indicate personal presence)*

   ☐  Judgment Creditor *(name)*:          ☐  Attorney *(name)*:

   ☐  Judgment Debtor *(name)*:          ☐  Attorney *(name)*:

2. The court considered the evidence in support of and in opposition to the Claim of Exemption.

3. IT IS ORDERED

   a.  ☐  The judgment debtor's Claim of Exemption is denied.

   b.  ☐  The judgment debtor's Claim of Exemption is granted.

   c.  ☐  The levying officer is directed to release any earnings held to the **judgment debtor.**

   d.  ☐  The levying officer is directed to release any earnings held to the **judgment creditor** for payment on the judgment.

   e.  ☐  Other orders *(specify)*:

   f.  The clerk shall transmit a certified copy of this order to the levying officer. The levying officer shall notify the employer of any change in the Earnings Withholding Order and release any retained sums as provided in this order.

Date: _____          ▶          _____
                                                                    *(SIGNATURE OF JUDGE)*

*[SEAL]*

**CLERK'S CERTIFICATION**

I certify that the foregoing is a true and correct copy of the original on file in my office.

Date: _____          Clerk, by _____, Deputy

Page 1 of 1

**ORDER DETERMINING CLAIM OF EXEMPTION
(Wage Garnishment)**

Code of Civil Procedure, § 706.105
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

1                                     **PROOF OF SERVICE**

2

    **STATE OF CALIFORNIA, COUNTY OF ORANGE**

3

4         I am employed by the law office of Rutan & Tucker, LLP in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is
5 611 Anton Boulevard, Suite 1400, Costa Mesa, California 92626-1931.

6         On August 16, 2018, I served on the interested parties in said action the within:

7     **[PROPOSED] ORDER DETERMINING CLAIM OF EXEMPTION**

8 as stated below:

9    Calvin Dao aka Huy Dao                    Kellie Ta
   8113 Cerritos Avenue, Apt. 132         8113 Cerritos Avenue, Apt. 132
10    Stanton, California 90680                  Stanton, California 90680

11
      ☒   (BY MAIL) by placing a true copy thereof in sealed envelope(s) addressed as shown
12            above.

13         In the course of my employment with Rutan & Tucker, LLP, I have, through first-hand personal observation, become readily familiar with Rutan & Tucker, LLP's practice of collection
14 and processing correspondence for mailing with the United States Postal Service. Under that practice, I deposited such envelope(s) in an out-box for collection by other personnel of Rutan &
15 Tucker, LLP, and for ultimate posting and placement with the U.S. Postal Service on that same day in the ordinary course of business. If the customary business practices of Rutan & Tucker,
16 LLP with regard to collection and processing of correspondence and mailing were followed, and I am confident that they were, such envelope(s) were posted and placed in the United States mail at
17 Costa Mesa, California, that same date. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date
18 of deposit for mailing in affidavit.

19         Executed on August 16, 2018, at Costa Mesa, California.

20         I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

21

22      Debbie Corwin
       (Type or print name)                         (Signature)
23

24

25

26

27

28

# Exhibit F

MARC Y. LAZO, SBN: 215998
K&L LAW GROUP, P.C.
2105 Foothill Blvd., Suite B121
La Verne, CA 91750
Phone No.:    (800) 596-0370
Fax No.:    (800) 596-0370

Attorneys for Plaintiff and Judgment Creditor Ho Jung Kim DDS, Inc.

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
NORTH JUSTICE CENTER

FEB 25 2019

DAVID H. YAMASAKI, Clerk of the Court

BY: _____ ,DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ORANGE

|  |  |
|---|---|
| HO JUNG KIM DDS, INC.<br><br>                      Plaintiff,<br><br>         vs.<br><br>CALVIN DAO, et al.,<br><br>                      Defendants. | CASE No.: 30-2016-00835391-CU-NP-CJC<br><br>TURNOVER ORDER IN AID OF EXECUTION OF JUDGMENT<br><br>Date:    February 25, 2019<br>Time:    8:30 a.m.<br>Dept:    N-17<br><br>Complaint Filed: 2/16/16 |

The Court having considered the ex parte application for turnover order in aid of execution, the memorandum of points and authorities in support thereof and the accompanying declaration, and finding that a writ of execution has been issued and there is a need for this order, for good cause, hereby

**ORDERS** that Judgment Debtor CALVIN DAO aka Huy Dao (hereinafter "Judgment Debtor") shall transfer to the levying officer, Orange County Sheriff's Department, State of California, the following described property:

2015 Toyota Highlander bearing License No. 7JQW349

-1-

TURNOVER ORDER IN AID OF EXECUTION OF JUDGMENT

1    **IT IS FURTHER ORDERED** that this Order shall be promptly personally served on the

2    Judgment Debtor, and

3    NOTICE IS HEREBY GIVEN THAT FAILURE BY THE JUDGMENT DEBTOR TO

4    COMPLY WITH THIS ORDER MAY SUBJECT THE JUDGMENT DEBTOR TO ARREST AND

5    PUNISHMENT FOR CONTEMPT OF COURT.

6

7    Dated:  February 25, 2019

8

9

10    JUDGE OF THE SUPERIOR COURT

11    CRAIG L. GRIFFIN

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

TURNOVER ORDER IN AID OF EXECUTION OF JUDGMENT